UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **Jerry Wade, Jr.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**Capital One Services, LLC,**<br>**Capital One Financial Corporation, and**<br>**Capital One, National Association,**<br><br>**Defendants.** | **CIVIL ACTION NO. 3:20-cv-415-MHL** |

### SECOND AMENDED COMPLAINT

Plaintiff Jerry Wade Jr., ("Wade") ( "Plaintiff" or "Wade"), brings this claim for judgment against Defendants Capital One Services, LLC, Capital One Financial Corporation, and Capital One, National Association (collectively "Capital One" or "Defendants"):

### Introduction

1. This is a claim brought by Plaintiff on an individual basis for unpaid overtime in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. Although Plaintiff intended to bring this as a collective action under 29 U.S.C. § 216(b), the Court's decision on June 8, 2020 in <u>Stirnweis v. Capital One Services, LLC, et al.</u>, Case No. 19-cv-637 precludes such an action.

2. Wade first asserted his claims against Capital One on May 29, 2019 by filing a consent to join the related case of <u>Cortez-Melton v. Capital One Financial Corporation, et al.</u>, Case No. 3:19cv127-MHL (see <u>Cortez-Melton</u> Dock. No. 4-1). Wade's Second Amended Complaint herein relates back to that date.

3. Wade's first Amended Complaint was filed in the Cortez-Melton matter (Cortez-Melton Dock. No. 36). The Court severed Wade's case from Cortez-Melton matter and ordered Wade to file his second amended complaint (Cortez-Melton Dock. No. 49), which Wade is hereby filing.

**Jurisdiction and Venue**

4. This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) in that the Plaintiff may bring this action in any appropriate United States District Court.

5. Venue is proper for this Court pursuant to 28 U.S.C. § 1391 and Local Rule 3(B)(4) since the acts and omissions giving rise to this lawsuit have taken place in the Eastern District of Virginia.

6. Capital One is subject to personal jurisdiction in the Commonwealth of Virginia.

**Parties**

7. Wade is a resident of Indiana who was employed by Capital One most recently as a Compliance Tester. Plaintiff was an "employee" as defined in the FLSA.

8. Capital One Services, LLC is a foreign corporation, which has its principal office in Virginia.

9. Capital One Financial Corporation is a foreign corporation, which has its principal office in Virginia.

10. Capital One, National Association is a foreign corporation, which has its principal office in Virginia.

11. On information and belief, the Defendants are related entities in the financial products and services industry. According to filings with the Virginia State Corporation Commission, the Defendants list their principal office as being located at 1680 Capital One

Drive, McLean, Virginia 22102 and share the same registered agent. Plaintiff is currently unable to determine the precise corporate structure and relationship between Defendants. Defendants are an "employer" as defined by the FLSA.

### Factual Allegations

12. Wade was hire by Capital One in or about May of 2015.

13. During the time frame relevant to this lawsuit, Plaintiff worked as a Compliance Tester for Capital One

14. Wade worked from Capital One's office in Chicago but reported to Capital One managers in West Creek in Goochland County. Wade also worked remotely from home.

15. Capital One issued Plaintiff and other Compliance Testers iPhones and take-home laptops so that each could perform work for Capital One's benefit remotely and at all hours.

16. Plaintiff's duties included reviewing Capital One data in order to test for compliance with various regulatory rules and regulations.

17. Compliance Testers' primary duties involved attending meetings, reviewing data, cutting and pasting data, creating spreadsheets, following guidelines for data testing, sending and receiving emails, listening to recorded calls, and evaluating data to determine whether test criteria set by Capital One are met or not met, and ultimately whether or not regulatory compliance is achieved.

18. Neither Plaintiff nor other Compliance Testers set the policies or test criteria for Capital One. Rather, Capital One created and set the test criteria and compliance procedures which Plaintiff and other Compliance Testers were tasked with following.

19. Compliance Testers' duties involve applying the standards and criteria set by Capital One to sample data sets in order to determine whether Capital one is complying with

various regulatory rules or requirements.

20. Compliance Testers are not required to exercise discretion or independent judgment involving matters of significance in carrying out their testing duties.

21. Plaintiff and other Compliance Testers did not perform as a primary duty managerial tasks over other employees, such as: interviewing, selecting, or training employees; setting employees' schedules or hours of work; directing employees' work; maintaining production or sales records; appraising employee productivity and efficiency; handling employee complaints and grievances; or disciplining employees.

22. Plaintiff and other Compliance Testers did not perform work directly related to the management or general business operations of their employer such as: advising the management, planning, negotiating, purchasing, promoting sales, or business research and control.

23. Plaintiff and other Compliance Testers did not perform work requiring advance knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction.

24. Plaintiff and other Compliance Testers:

    a. did not have the authority to formulate, affect, interpret, or implement management policies or operating practices;

    b. did not perform work that affected business operations to a substantial degree;

    c. did not have authority to commit Defendants in matters that have significant financial impact;

    d. did not have authority to waive or deviate from established policies and

procedures;

      e.    did not have authority to negotiate and bind Defendants on significant matters; and

      f.    were not involved in planning long- or short-term business objectives.

25. Based on the nature of Plaintiff's job duties, there is no FLSA exemption that applies to preclude him or other Compliance Testers from being paid one and one-half times his regular rate of pay for all hours worked in excess of 40 per week.

26. Capital One paid Plaintiff on a salary basis and classified him and other Compliance Testers as exempt from receiving overtime under the FLSA.

27. Wade regularly worked in excess of 40 hours per week.

28. Capital One did not require Plaintiff to keep precise track of his hours worked.

29. Capital One does not have accurate timekeeping records of the exact hours worked by Plaintiff or other Compliance Testers.

30. Wade typically worked three days per week from home, and two days from Capital One's Chicago office. From home, he typically began his workday between 6:00 and 7:00 a.m. Central Standard Time (CST) and ended at 4:30pm CST (5:30 p.m. EST). From the office, Wade typically began his workday at 7:00 a.m. CST and ended at 3:45 p.m. CST. Wade typically worked through his lunch time. Wade often check his emails and occasionally logged back into Capital One's system in the evenings in order to get work done. Following a car accident in late May 2017, Wade was out of work until about November 1, 2017, so for that period of time he did not work any overtime.

31. Wade's boss stated that Wade was "not a 40-hour" employee and he was required to get the work done regardless of how many hours it takes.

32. Capital One did not pay Plaintiff an overtime premium for all hours he worked over forty hours per week.

33. Capital One knew or should have known that Plaintiff was working overtime hours without being paid.

34. Capital One received benefit of the work performed by Plaintiff.

35. Capital One is in possession of records (such as log-in records, emails, and instant messaging systems) which should reflect that Wade was performing work for Capital One in excess of 40 hours per week.

36. Plaintiff sent and received work emails before and after the regular workday.

37. Capital One willfully violated the FLSA by misclassifying Plaintiff and other Compliance Testers as exempt under the FLSA in order to avoid paying overtime.

38. At all relevant times Capital One intended to deprive Plaintiff of the overtime pay he was entitled to under the FLSA, or acted with reckless disregard for Plaintiff's rights under the FLSA.

39. Wade was terminated by Capital One in or about April 2019.

40. Compliance Testers perform, and have performed, functions which entitle them to payment of overtime compensation which they have not received.

41. Compliance Testers have been denied overtime wages in violation of the FLSA.

42. Capital One compensated, and continues to compensate, Compliance Testers on a uniform compensation basis.

43. For at least the past three years, Capital One failed to keep records of the actual amount of hours Plaintiff and other Compliance Testers have worked.

44. On information and belief, Capital One's pay, administrative, recordkeeping, and

supervisory operations are centrally managed as a single enterprise, and all or most Compliance Testers at Capital One are subject to common, uniform time-keeping and payroll practices.

45. Capital One's willful disregard of the overtime laws described herein entitles Plaintiff to the application of the three (3) year limitations period.

46. The job duties of Plaintiff are specifically not exempt from the coverage of the FLSA.

### Count 1 – FLSA Overtime

47. Plaintiff incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

48. At all times relevant herein, Plaintiff was an "employee" of Capital One as that term is defined by 29 U.S.C. §203(e)(1).

49. At all times relevant herein, Capital One was an "employer" of Plaintiff as that term is defined by 29 U.S.C. §203(d).

50. At all relevant times Plaintiff was not exempt from the overtime pay requirements of the FLSA, and was entitled to receive overtime pay under the FLSA for all time worked beyond forty (40) hours in a workweek.

51. Capital One failed to pay Plaintiff his overtime rate of pay for the time he worked beyond forty (40) hours in a workweek.

52. At all times relevant herein, Capital One was aware of the overtime requirements of the FLSA.

53. At all times relevant, Capital One knew or should have known that Plaintiff did not qualify for an exemption to the overtime pay requirements of the FLSA.

54. Capital One's failure to pay overtime compensation to the Plaintiff was willful

and not in good faith.

## FLSA Relief Requested

Wherefore, Plaintiff requests the following Relief against Defendants:

A. money damages for all unpaid overtime compensation;

B. liquidated damages in an amount equal to all unpaid overtime owed to each plaintiff;

C. pre-judgment and post-judgment interest;

D. reasonable attorney's fees and costs expended in the prosecution of this case;

E. any and all further relief permissible by law.

Plaintiff respectfully demands **TRIAL BY JURY**.

         Respectfully submitted,
         **Jerry Wade, Jr.**
         Plaintiff


         By:____/s/_____
         Craig Juraj Curwood (VSB No. 43975)
         Attorney for Plaintiff
         Curwood Law Firm, PLC
         530 E. Main Street, Suite 710
         Richmond, VA 23219
         Telephone: (804) 788-0808
         Fax: (804) 767-6777
         Email: ccurwood@curwoodlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of June 2020, the foregoing was electronically filed with the Clerk of the Court using the CM/EFC system, which will then send a notification of such filing (NEF) to the following:

>Rodney A. Satterwhite, Esq.
>Christopher M. Michalik, Esq.
>Summer L. Speight, Esq.
>Igor M. Babichenko, Esq.
>McGuire Woods LLP
>Gateway Plaza
>800 East Canal Street
>Richmond, VA 23219
>rsatterwhite@mcguirewoods.com
>cmichalik@mcguirewoods.com
>ibabichenko@mcguirewoods.com
>*Counsel for Defendants*

By: /s/ Craig J. Curwood